Bowman, Plaintiff in Error, v. Pacific Insurance Company, Defendant in Error.

1. Among the printed clauses of a fire policy on merchandise were the following : "If there shall be deposited, kept or stored therein any of the articles, goods or merchandise in the same terms and conditions denominated 'hazardous,' or 'extra hazardous,' or included in the memorandum of 'special' rates, except as herein specially provided for, or hereafter agreed to by this corporation in writing, to be added to or endorsed upon this policy, then and from thenceforth so long as the same shall be so appropriated, applied or used, these presents shall cease and be of no force and effect." "And it is conditioned that no greater amount than twenty-five pounds of gunpowder shall at any time be placed in the building described in this policy—said powder to be kept in tin or other metallic canisters." Among the articles enumerated in the memorandum of "special" rates was gunpowder. There were no other provisions with respect to the keeping of gunpowder. *Held*, that the assured might keep on hand a quantity of powder less than twenty-five pounds in tin or other metallic canisters.

*Error to St. Louis Court of Common Pleas.*

This was an action on a policy of insurance against fire. Said policy contained the following clauses : "If there shall be kept or stored therein any of the articles, goods or merchandise in the same terms and conditions denominated ' hazardous,' or ' extra hazardous,' or included in the memorandum of ' special' rates, except as herein specially provi-

ded for, or hereafter agreed to by this corporation in writing, to be added to or endorsed upon this policy, then and from thenceforth so long as the same shall be so appropriated, applied or used, these presents shall cease and be of no force and effect." "And it is conditioned that no greater amount than twenty-five pounds of gunpowder shall be placed at any time in the building described in this policy—said powder to be kept in tin or other metallic canisters." "Gunpowder" was included in the memorandum of "special" articles.

The evidence tended to show that the plaintiff kept from four to six pounds of powder in his store, and that it was kept in a wooden keg lined with tin foil.

The court instructed the jury as follows: "The terms of the policy suspended the risk whilst gunpowder was kept in the store, unless the defendant agreed in writing that the same might be kept; and, even if such an agreement in writing had been made, the risk would have been suspended by the terms of the policy if the gunpowder was not kept in tin or other metallic canisters, or if the quantity exceeded twenty-five pounds. If therefore there was any gunpowder in the building at the time of the fire and loss, then the jury must find for the defendant, as there is no evidence that the defendant ever agreed in writing that gunpowder might be deposited, stored or kept there."

The plaintiff thereupon took a nonsuit, with leave, &c.

*Krum & Harding*, for plaintiff in error.

I. The court erred in its construction of the policy. Although the clause concerning hazardous and special articles would exclude gunpowder unless agreed to by the company, the subsequent clause is an express agreement that the assured may keep gunpowder in a certain manner.

II. Whether a keg lined with tin foil is a "tin or metallic canister" is a question of fact for the jury.

*Biddlecome*, for defendant in error.

I. The policy absolutely prohibits the keeping of gunpow-

der in any quantity without the written consent of the company. The second provision mentioned is not an exception as a special provision for keeping gunpowder. It only takes effect when that consent has been properly obtained, and regulates the quantity and the manner of keeping it. The instruction given was correct.

NAPTON, Judge, delivered the opinion of the court.

The construction given to the policy sued on was, in our opinion, erroneous. The first clause of the policy referred to creates a forfeiture in the event that any of the articles enumerated in the memorandum of special rates is kept in the house insured, *except* where a special provision is made on the subject in the policy, or where such special provision is subsequently agreed to by the parties, reduced to writing and endorsed on the policy. A special provision in relation to gunpowder is found in the body of the policy, and that provision is totally inconsistent with the construction of the first clause which absolutely excludes it. Twenty-five pounds of gunpowder are allowed to be kept, provided it is kept in tin or metallic canisters.

To construe the first section as excluding gunpowder *in toto*, and the second as allowing it in certain quantities and secured in certain modes, produces a palpable contradiction in the body of the instrument, which is unnecessary. The two provisions will harmonize if the one be understood as modifying the other, and in doing this we must consider the special regulation as controlling the more general one, and not give a preponderating importance to the general provision, as the defendant's counsel insists, and to produce consistency interpolate a material qualification upon the special clause. The company insists that the privilege of keeping gunpowder, in kegs of twenty-five pounds or under, shall only be enjoyed when there is a special agreement for that purpose ; or rather when there is a special agreement for keeping gunpowder at all. Such interpretation would seem

to be a strained one ; for, if a special agreement, in writing and endorsed on the policy, had to be made, in order that the insured might keep any gunpowder whatever, it would surely require no more trouble and hardly any more writing to put down the whole of such agreement at once and specify the amount beyond which the insured could not go and the manner in which the powder should be kept. This makes the special printed clause in the policy almost useless.

The other judges concurring, the judgment will be reversed and the cause remanded.